Allan Jones KURNIAWAN, Petitioner,

v.

Michael B. MUKASEY, Attorney General, Respondent.

No. 05–77434.

United States Court of Appeals, Ninth Circuit.

---

cation and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

**558**

Submitted Aug. 26, 2008.*

Filed Sept. 5, 2008.

Robert G. Ryan, Esq., Law Offices of Eugene C. Wong, PC, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Paul Fiorino, Esq., DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: SCHROEDER, KLEINFELD, and IKUTA, Circuit Judges.

MEMORANDUM **

Allan Jones Kurniawan, a native and citizen of Indonesia, petitions for review of a Board of Immigration Appeals' order summarily affirming an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *INS v. Elias–Zacarias,* 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), and deny the petition.

Substantial evidence supports the IJ's conclusion that Kurniawan had not experienced past persecution. *See Prasad v. INS,* 47 F.3d 336, 340 (9th Cir.1995). Furthermore, even assuming that, as an ethnic Chinese Christian with a hearing and language disability, Kurniawan is a member of a disfavored subgroup, he failed to demonstrate the requisite level of individualized risk necessary to establish a well-founded fear of persecution. *Cf. Sael v. Ashcroft,* 386 F.3d 922, 925–28 (9th Cir. 2004). Finally, the record does not establish that Kurniawan has demonstrated a pattern or practice of persecution against ethnic Chinese Christians in Indonesia. *See Lolong v. Gonzales,* 484 F.3d 1173, 1178–81 (9th Cir.2007) (en banc).

Because Kurniawan did not establish asylum eligibility, it necessarily follows that he did not satisfy the more stringent standard for withholding of removal. *See Zehatye v. Gonzales,* 453 F.3d 1182, 1190 (9th Cir.2006).

Substantial evidence supports the IJ's denial of CAT relief because Kurniawan did not show it is more likely than not that he will be tortured if returned to Indonesia. *See Hasan v. Ashcroft,* 380 F.3d 1114, 1122–23 (9th Cir.2004).

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.